```
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 14-23283-CV-MOORE
                                 MAGISTRATE JUDGE P.A. WHITE
KENEL DOLCE,                     :

    Petitioner,                  :

v.                               :      REPORT OF
                                        MAGISTRATE JUDGE
JULIE L. JONES¹,                 :

    Respondent.                  :
_____
```

## I. Introduction

Kenel Dolce, who is presently confined at Cross City Correctional Institution in Cross City , Florida, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in case number F07-001385 from the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the amended petition for writ of habeas corpus, the Respondent's response to an order to show cause with appendix of exhibits and the petitioner's reply.

## II. Procedural History

The petitioner was charged with robbery/carjacking, grand

---

[1] Julie L. Jones became Secretary of the Florida Department of Corrections on January 5, 2015 is substituted as party pursuant to Fed.R.Civ.P. 25(d).

1

theft, violation of a domestic violence injunction, aggravated stalking, burglary of an occupied conveyance and criminal mischief. (DE# 20-2, p. 16-24). He entered a not guilty plea and proceeded to trial. (DE# 25).

The state's first witness was the victim, Susan Sterling. (T. 180[2]). Ms. Sterling and Petitioner were previously involved in a romantic relationship and had a child together. (T. 181). The victim obtained an injunction against Petitioner after their relationship deteriorated. (T. 181-82). Four months after obtaining the injunction, the victim arrived at home and noticed an unfamiliar car. (T. 183). The petitioner jumped out of this car and ran up to the victim's car. (T. 183, 184 ). In fear of the petitioner, the victim honked her horn in an attempt to get the attention of her parents who were inside the home. (T. 183-84).

The petitioner reached into the car through a broken rear window. He was able to unlock the door and enter the backseat. (T. 185). The petitioner grabbed two gold bracelets from her arm and took her keys. When the victim saw the door to her house open she fled into the house, leaving the petitioner inside the car. (T. 185). Once she got into the home she called the police. (T. 185). She then heard a loud "boom," she later discovered that her car had been driven into the wall of the house. (T. 187).

The victim testified that the petitioner had called her "many times" since the entry of the injunction and that, although she had seen the petitioner since the injunction, it was not always consensual. (T. 188, 199). They had an argument just a few days before the incident and that she is afraid of the petitioner when

---

[2]The trial transcript referenced by "T." is found at DE# 15.

he is mad. . (T. 193, 198).

The detective who responded to the scene testified that the victim was crying profusely, shaken, and was emotionally upset. (T. 205, 208). He observed the victim's car was up against the house. (T. 204). The victim identified Petitioner from a photo lineup as the person who took her car. (T. 206).

After the state rested, defense counsel argued for a judgment of acquittal. (T. 213). Defense counsel argued the state had not met its burden because it had not presented any evidence, other than the "tainted testimony of Ms. Sterling," that the petitioner did anything wrong. (T. 213). The State responded that it had presented sufficient evidence of aggravated stalking, recounting that the petitioner was aware of the injunction and that the victim testified that the petitioner had contacted her numerous times after the injunction, ultimately leading to the incident with the car. The state argued that in the light most favorable to the state, it had presented a prima facie case that the petitioner had engaged in a pattern of conduct in the violation of the injunction. (T. 213-14). The motion for judgment of acquittal was denied. (T. 214).

The parties and the court engaged in a lengthy discussion regarding robbery as a lesser included offense of carjacking. (T. 216-238). The defendant contended that the verdict form should only include carjacking/robbery as one offense. He did not want the lesser included offense of robbery as a separate option. The court advised the petitioner that robbery was a necessary lesser included offense requiring an instruction. (T. 220-23). Throughout the process of reviewing the jury instructions and verdict form, Petitioner was present with his attorney. (T 216-238).

Counsel made a second motion for judgment of acquittal, renewing his earlier argument. The state responded, arguing it had proven the defendant entered the vehicle without the victim's permission and the victim fled the vehicle because she was afraid of the defendant. The state argued the petitioner had obtained possession of the vehicle by fear, meeting the elements of carjacking. The state again argued it had proven both violation of a domestic injunction and that the same facts established the aggravated stalking charge. Finally, the state argued it had established burglary of a conveyance in that it had presented evidence that the petitioner entered the vehicle without permission with the intent to commit a theft. The court denied the renewed motion for judgment of acquittal, finding there was sufficient evidence to submit the case to the jury. The state nolle prossed the grand theft and criminal mischief charges.

In closing, the state argued it had established the three elements of carjacking, that petitioner took the vehicle from the victim, he did it with fear, and with the intent to temporarily deprive her of the vehicle. (T. 246, 257-58). The state further argued that Petitioner was guilty of aggravated stalking because he repeatedly called the victim, repeatedly harassed her, culminating in the incident that led to the charges. (T. 247).

The defense responded that the petitioner was not guilty of carjacking because there was no evidence that he took the car or that he moved it. (T. 250-51, 253). Defense counsel pointed out that the only evidence was the testimony of the victim, arguing that she was an unreliable witness. (T. 252). Counsel further argued the petitioner was not guilty of violating the injunction, because the victim had testified that she loved him and admitted that they were still in contact and spoke regularly. (T. 253-54).

As to the aggravated stalking charge, counsel argued the victim's behavior of spending the night in the petitioner's house and bonding him out of jail were not the actions of someone that was afraid. (T. 254).

The jury found Petitioner guilty of robbery (as a lesser included offense of carjacking), violation of repeat violence injunction, aggravated stalking, and trespassing (as a lesser included offense of the burglary). (T. 283, DE# 20-2, p. 83-84). He was adjudicated guilty and sentenced to 20 years with a 15 year minimum mandatory as a habitual violent felony offender. (DE# 20-2, p. 91-92, p. 117-119). The petitioner appealed.

The petitioner was originally represented by the public defender on appeal. After determining there were no meritorious issues for appeal, counsel, pursuant to Anders v. California, 386 U.S. 738 (1967), filed a brief along with a motion to withdraw. (DE# 20-3). After the motion to withdraw was granted, the petitioner filed a pro se brief. (DE# 20-4). He raised the following four claims:

1. Whether the trial court committed fundamental error by convicting the petitioner for robbery on a crime with which he was not charged.

2. Whether the trial court erred by instructing the jury on an alternative theory of robbery, which was not charged.

3. Whether trial counsel's ineffectiveness was apparent on the record where counsel failed to properly move for judgment of acquittal for robbery where the state failed to prove all essential elements fo the crime.

4. Whether trial counsel's ineffectiveness was apparent on the record where counsel failed to properly move for judgment of acquittal for aggravated stalking where the state failed to prove

all essential elements of the crime.

On May 5, 2010 the Third District Court of Appeal affirmed the petitioner's conviction and sentence. Dolce v. State, 35 So. 3d 952 (Fla. 3d DCA 2010). The petitioner's motion for rehearing was denied on June 6, 2010 and mandate issued on June 8, 2010. (DE# 20-5, 20-6).

On July 20, 2010 the petitioner filed a motion for post conviction relief in the trial court. (DE# 20-7). In that motion he argued that trial counsel was ineffective for: (1) failing to object to the robbery instruction as the lesser included offense of carjacking; (2) failing to object to the conviction for robbery; (3) failing to present a proper motion for judgment of acquittal for carjacking; and (4) failing to present a proper motion for judgment of acquittal for aggravated stalking. The trial court denied the motion after an evidentiary hearing. (DE# 20-9).

The court found that counsel was not ineffective for failing to object to the robbery instruction as it was a necessary lesser included offense and the instruction was mandated by Florida law. The court found that counsel was not ineffective for failing to object to the robbery conviction because the robbery instruction was not given for an uncharged crime so. The court further found that counsel had presented motions for judgment of acquittal on both the carjacking and aggravated stalking charge, refuting the petitioner's argument that counsel had failed to make proper motions.

The petitioner appealed the denial of his motion. (DE#20-11). The appellate court affirmed the denial of the motion. Dolce v. State, 114 So. 3d 189 (Fla. 3d DCA 2014). The petitioner's motion for rehearing was denied and mandate issued on July 7, 2014. (DE#

20-13, 20-14, 20-15).

The petitioner filed the instant petition on September 2, 2014.³ He raises the following four claims:

1. Whether trial counsel provided ineffective assistance by failing to object to the trial court reading instruction to the jury on an alterative theory for the lesser included offense of robbery in which was not charge, whereas the taking of "money" or "property", was never pled or proved in violation of defendant's rights to due process of the 5th, 6th and 14th amendments of the Florida and United States Constitution.

2. Whether trial counsel provided ineffective assistance of counsel by failing to object to the defendant being convicted for robbery on an alternative basis in which defendant was not charged nor had the state pled in the information, in violation of defendant's rights to due process of the 5th, 6th and 14th Amendments of the Florida and United States Constitution.

3. Whether trial counsel provided ineffective assistance at trial by failing to adequately and properly move for a judgment of acquittal for "robbery", where the state failed to prove all the essential elements of the crime and where the verdict was a "true inconsistent verdict", and legally insufficient to convict defendant in violation of defendant's rights to due process of the 5th, 6th and 14th Amendments to the Florida and United States Constitution.

4. Whether trial counsel provided ineffective assistance at trial by failing to properly and adequately move for acquittal for "aggravated stalking" where the state failed to prove the essential elements of the crime in violation of the 5th, 6th and 14th Amendments of the Florida and United States Constitution.

---

³ The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

### III. Statute of Limitations and Exhaustion

The state properly concedes that the petition was filed timely and the all claims raised in the petition have been exhausted in state court.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court

8

decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

The petitioner raises several claims of ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. In the context of a guilty plea, the second prong of the Strickland test requires a showing that but for counsel's errors, the movant would not have pleaded guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S.

52 (1985).

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, a petitioner must show the state court "applied Strickland to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. Bell v. Cone, 535 U.S. 685, 699 (2002).

## V. Discussion

The petitioner's first and second claims attack his conviction for robbery. He argues that he was convicted based on an erroneous jury instruction and that his conviction was for an uncharged crime. These two claims will be discussed together. The petitioner's second and third claims address counsel's alleged failure to present an adequate and proper motion for judgment of acquittal on the carjacking and aggravated stalking charges. These two claims will be discussed together to the extent that both involve the same standard for sufficiency of the evidence.

### Instruction Lesser Included Offense of Robbery

The petitioner contends that the robbery instruction was erroneous in that it used the terms "money or property." He argues that this instruction allowed the jury to convict him of the uncharged offense of robbery based upon the taking of the victim's bracelets. Based upon this interpretation of the law, the

petitioner has argued that counsel was ineffective for failing to object to the instruction and failing to object to his robbery conviction.

These claims were raised in the petitioner's motion for post conviction relief. The state court denied the claims, finding that counsel was not ineffective because the robbery instruction was properly given as a necessary lesser included offense and that the conviction for robbery was supported by the evidence.

The premise of the petitioner's argument for both claims is that because the jury did not convict him of carjacking then the jury necessarily used some other property to find that he was guilty of robbery. He posits that the jury found him guilty of the robbery of the victim's bracelets. Based on this presumption he argues that the instruction on robbery should have specifically mentioned the property taken was the victim's automobile and should not have included the term "money."

The petitioner's argument is contrary to Florida law. Robbery is a necessarily included lesser included offense of carjacking. See Fryer v. State, 732 So.2d 30 (Fla. 5th DCA 1999). It is required that the instruction on robbery be given even in a situation, such as that present here, where the only property alleged to have been taken is the automobile that is the subject of the carjacking charge. See Baynham v. State, 862 So.2d 808 (Fla. 4th DCA 2003). As shown by Baynham, the failure to give the instruction would have been reversible error even though the only alleged property taken was the automobile. Id. Since the robbery instruction was required to be given under Florida law, counsel was not ineffective for failing to object to the instruction and the state court properly denied this claim.

To the extent that the petitioner argues that the jury could have convicted him of robbery based on the taking of the victim's bracelets because the instruction did not reference the automobile, his claim is refuted by the record. The petitioner focuses only upon the words "money or property" as contained in the instruction. However, the words immediately following "money or property" limit the property to that "described in the charge." The only property described in the charge of carjacking was the automobile of the victim. Furthermore, in its closing argument the state referenced only the automobile and never asked the jury to consider the bracelets as the property taken when asking the jury to convict the petitioner of carjacking. Thus, the jury was properly instructed and limited to considering the automobile as the property taken.

The petitioner contends that this was an inconsistent verdict, however the essential elements of robbery are subsumed within the carjacking elements with the only difference being the nature of the property taken. The evidence established that the petitioner used fear to take the vehicle. Rather than an inconsistent verdict it is possible that the result was an example of a jury compromise verdict or an exercise of jury pardon. To find otherwise would be speculative. The state court denial of the claims that counsel was ineffective for failing to object to both the instruction and the conviction was not contrary to, or an unreasonable application of, Strickland. This claim should be denied.

<u>Motions for Judgment of Acquittal</u>

In his third and fourth claims the petitioner contends that counsel was ineffective for failing to present adequate and proper motions for judgment of acquittal. He argues that if a proper motion had been presented the trial court would have entered a

judgment of acquittal.

These claims were raised in the petitioner's motion for post conviction relief. The state court denied the claims after an evidentiary hearing. The state court found counsel had in fact made motions for judgment of acquittal.

The petitioner contends that the state court erred because there was no finding that the evidence was sufficient to support his convictions for robbery and aggravated stalking. Thus, this claim is essentially a challenge to the sufficiency of the evidence.

The standard for reviewing such a claim is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thus, all inferences and all issues of credibility must be resolved in the favor of the state. Id. at 318-19. The court must defer to the assessments of the weight of the evidence and the credibility of the witnesses that were made by the jury and may not substitute its view of the evidence for that of the jury. Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

The elements of carjacking, a first-degree felony, are that: (1) the defendant took a motor vehicle from the person or custody of the victim; (2) the defendant used force, violence, assault, or putting in fear was used in the course of the taking; and (3) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it or (b) to appropriate the motor vehicle of the victim to

his own use or to the use of any person not entitled to it. <u>Standard Jury Instructions in Criminal Cases</u>, 697 So.2d 84 (Fla. 1997); § 812.133, Fla. Stat. (1997). The elements of robbery are that: (1) defendant took money or property from the person or custody of another; (2) defendant used force, violence, assault, or putting in fear in the course of the taking; (3) the property taken was of some value; and (4) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the property or any benefit from it, or (b) to appropriate the property of the victim to his own use or to the use of any person not not entitled to it. <u>Standard Jury Instructions in Criminal Cases</u>, 665 So.2d 212 (Fla. 1995); § 812.13, Fla. Stat. (1997). The only difference between the two charges is that the property taken was an automobile.

As to the carjacking/robbery charge, the state presented sufficient evidence to overcome a motion for acquittal and sustain the jury's verdict. In the light most favorable to the state the evidence showed that the petitioner approached the victim's car, broke inside and caused the victim to flee in fear. The petitioner took possession of the vehicle and crashed it into the victim's porch. Under these facts the elements of carjacking/robbery were established and any motion for judgment of acquittal would have been denied as to carjacking. Thus the petitioner cannot establish that he was prejudiced even if counsel merely presented a boilerplate motion for judgment of acquittal.

Similarly, the petitioner cannot establish that he was prejudiced with regard to the aggravated stalking charge. "The statutory elements of aggravated stalking under section 784.048(4) are knowledge of an injunction, and knowingly, willfully, maliciously, and repeatedly following or harassing the beneficiary

of the injunction." State v. Johnson, 676 So.2d 408 (Fla. 1996). Here the state established the existence of the injunction. The victim testified that the petitioner had repeatedly called her after the injunction had been entered and that she was afraid of the petitioner when he got mad. The harassment of the victim culminated in the incident that warranted the charges brought in the instant case. Therefore, in the light most favorable to the state, all of the elements of the crime of aggravated stalking were established and any deficiencies in the motion for judgment of acquittal did not prejudice the petitioner. These two claims should be denied.

## VI. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d

542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied, that no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 28th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kenel Dolce, Pro Se
    DOC# M16493
    Cross City Correctional Institution
    Inmate Mail/Parcels
    568 NE 255th Street
    Cross City, FL 32628

    Nikole Hiciano, A.A.G.
    Office of the Attorney General
    444 Brickell Avenue
    Suite 650
    Miami, FL  33131